RECEIVED
DEC 1 9 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MORRIS VALLIER | CIVIL ACTION NO. 06-0348 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on or about February 24, 2006 by *pro se* petitioner Morris Vallier. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana where he is serving a twenty-five year sentence imposed following his 2002 manslaughter conviction entered in the Fifteenth Judicial District Court, for Acadia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

## STATEMENT OF THE CASE

Petitioner was indicted by the Acadia Parish Grand Jury for second degree murder. On October 31, 2002, petitioner's attorney advised him that the District Attorney was offering a plea agreement which would permit petitioner to plead guilty to the lesser offense of manslaughter without any recommendation on sentencing. According to petitioner, his attorney advised him that he would be sentenced to serve from seven to ten years. Thereafter, petitioner pled guilty to the lesser offense of manslaughter without any recommendation on sentencing. During his plea colloquy, the court asked petitioner if "anyone made any threats, promises, or inducements to [him] to get [him] to plead guilty" to which petitioner responded, "No, sir." The court also verified petitioner's understanding of the maximum penalty he could receive in exchange for his open-ended guilty plea, asking, "Do you understand that if I accept you plea of guilty to this charge, you will stand convicted of the crime, and as a result, you could be sentenced to a term of imprisonment at hard labor for not more than forty years ...", to which petitioner replied, "Yes, sir." [rec. doc. 7-2, pg. 9-10]. Moreover, the court confirmed that the plea agreement reached by the parties was for the court to obtain a pre-sentence investigation report prior to determining petitioner's sentence. [*Id.* at pg. 13-14].

On December 16, 2002, following submission of a pre-sentence investigation report, petitioner was sentenced to serve twenty-five years at hard labor.

On petitioner's Motion, petitioner's direct appeal was withdrawn on April 7, 2003. [rec. doc. 7-2, pg. 32-35, *State of Louisiana v. Morris Vallier*, KA 03-00288 (La. App. 3 Cir. 2003)].

Thereafter, on October 15, 2003, petitioner filed an Application for Post-Conviction Relief in the district court raising claims of ineffective assistance of counsel, namely that counsel failed to investigate and assert defenses to the charge, induced petitioner to plead guilty promising petitioner that he would be sentenced to ten years imprisonment, and failed to present mitigating evidence during the sentencing hearing. On December 15, 2003, an evidentiary hearing was held, at which petitioner and his counsel testified. [rec. doc. 7-3, pg. 21]. Petitioner claims that although he had additional witnesses to support his claims, because the case was not called until the afternoon, the witnesses had left the courthouse and accordingly, did not testify at the hearing. At the conclusion of the hearing the court denied relief. On February 26, 2004, the Third Circuit Court of Appeals denied petitioner's request for review finding that because petitioner had entered an unqualified guilty plea, he waived review of his pre-plea non-jurisdictional claims regarding his attorney's failure to investigate and assert defenses citing *State v. Crosby*, 338 So.2d 584 (La. 1976). With respect to his remaining claims, the court found that those claims could not be determined on the showing made, because petitioner had failed to comply with the Rule 4 of the Uniform Rules of the Courts of Appeal and Louisiana Code of Criminal Procedure article 912.1 requiring submission of various

documents and pleadings for the appellate court's review. Petitioner did not resubmit his application accompanied by the missing documents and pleadings, nor did he seek further timely review of the claims asserted in his application in the Louisiana Supreme Court. [rec. doc. 73, p. 22, *State of Louisiana v. Morris Vallier*, KH 04-00073 (La. App. 3 Cir. 2/26/2004)].

On March 29, 2004, petitioner filed a second Application for Post-Conviction Relief claiming that the state had not fulfilled its plea agreement because although it was to make no recommendation on sentencing, the victims were permitted to make statements at the sentencing hearing, and that his guilty plea was induced by misrepresentations of fact by his attorney. On April 21, 2004, the trial court denied relief. On July 2, 2004, the Third Circuit Court of Appeals denied petitioner's request for review finding that petitioner had failed to prove his entitlement to relief citing *State v. Readoux*, 614 So.2d 175, 176-177 (La. App. 3 Cir. 1993) in which the court held that misunderstandings between a defendant and his attorney do not render a guilty plea invalid and that in the absence of fraud, intimidation, or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel, particularly where the plea and sentencing transcripts provide no reasonable basis for the defendant's mistaken beliefs. [*See* Court Exhibit 1, *State of Louisiana v. Morris Vallier*, No. KH 04-0662 (La. App. 3 Cir. 7/2/2004)[1]]. Petitioner did not seek timely review of

---

[1] Petitioner did not provide a copy of the Third Circuit's writ denial. Accordingly, the undersigned obtained a copy directly from the Clerk of the Louisiana Third Circuit Court of Appeals. A copy is attached hereto as Court Exhibit 1.

4

the denial of this writ application in the Supreme Court.

On October 10, 2004, petitioner filed a third Application for Post-Conviction Relief. In this pleading, petitioner argued that the sentencing court did not properly consider mitigating evidence, improperly considered other evidence, and imposed an excessive sentence. The trial court denied this application on November 5, 2004 finding the application was duplicative and successive. The Third Circuit denied petitioner's request for review on January 26, 2005 under that court's docket number KH-04-01596 finding that petitioner's claims could not be reviewed on application for post-conviction relief citing *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, *reconsideration denied*, 667 So.2d 1043 (La.1996) as the basis for its decision. [*See* Court Exhibit 2, *State of Louisiana v. Morris Vallier*, No. KH 04-1596 (La. App. 3 Cir. 1/26/2005)[2]]. Petitioner sought review in the Louisiana Supreme Court raising not only the claims asserted in his third post-conviction application, but also attempting to raise the claims asserted in his first and second post-conviction applications. The Louisiana Supreme Court summarily denied review without comment on February 3, 2006. *See State of Louisiana ex rel. Morris Vallier v. State of Louisiana*, 2005-0958 (La. 2/3/2006), 922 So.2d 1160.

---

[2] Petitioner did not provide a copy of the Third Circuit's writ denial. Accordingly, the undersigned obtained a copy directly from the Clerk of the Louisiana Third Circuit Court of Appeals. A copy is attached hereto as Court Exhibit 2.

Petitioner's unsigned and undated federal *habeas corpus* petition was received and filed in this court on February 24, 2006. Petitioner argues the following claims for relief: (1) that he was denied effective assistance of counsel during the investigation and plea bargain phases of his prosecution; (2) that the state breached, or his counsel misrepresented, the plea agreement; and (3) that his sentence was excessive due to the trial court's failure to consider the Louisiana sentencing guidelines set forth in LSA C.Cr.P. art. 894.1.

In light of the above procedural history, it is clear that petitioner's first and second claims for relief (that he received ineffective assistance of counsel and that his plea was not valid due to the State's breach or his counsel's misrepresentations) are unexhausted, and hence, technically procedurally defaulted, and that petitioner's third claim for relief (that his sentence was excessive) is traditionally procedurally defaulted. Accordingly, it is recommended that the instant petition be **DENIED AND DISMISSED WITH PREJUDICE.**

## LAW AND ANALYSIS

### 1. Exhaustion/Procedural Default

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal,

("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254 (b) (1) (A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). Moreover, each claim must be presented to the state's highest court, even when review by that court is

7

discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court.

A petitioner has "technically exhausted" his federal claim if he fails to properly and timely present his claim to the Louisiana courts and is time-barred from seeking relief in the Louisiana courts because he has allowed his state court remedies to lapse. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) citing *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

Review of the record in this case reveals that petitioner did not properly or timely present his ineffective assistance claims (claim one herein) or his claims directed at the validity of his plea (claim two herein) to the Louisiana Supreme Court on either direct or collateral review. Petitioner attempted to present these claims to the Louisiana Supreme Court in his writ application in connection with the Third Circuit's denial of his third application for post-conviction relief. However, the application, with respect to those

8

claims, was not timely or properly filed. Under Louisiana Supreme Court Rule X, §5 (a), petitioner had thirty days from the mailing of the Court of Appeals' decisions on those claims within which to file his petition for *certiorari*.[3] Assuming the decisions on those claims were mailed on the date rendered, the thirty day period expired on March 28, 2004 and August 2, 2004, respectively. Petitioner's sole writ application to the Louisiana Supreme Court, however, was not filed until March 3, 2005[4], over one year after the Third Circuit ruled on his ineffective assistance of counsel claims and almost nine months after that court ruled on his claims directed at the validity of his guilty plea. Hence, because petitioner failed to timely and properly present his ineffective assistance of counsel claims and his claims challenging the validity of his guilty plea to the Louisiana Supreme Court these claims remain unexhausted, and for purposes of federal *habeas corpus* review, because petitioner cannot now meet the exhaustion requirement[5], those claims are "technically" procedurally defaulted.[6] *See Wilder; O'Sullivan; Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue;* and *Fuller, supra.*

---

[3]Louisiana Supreme Court Rule X, §5 (a) provides in pertinent part, "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the mailing of the notice of the original judgment of the court of appeal ... No extension of time therefore will be granted."

[4]The application is signed and dated by Vallier on March 3, 2005, but does not disclose the date the application was received or filed by the Clerk of the Louisiana Supreme Court. [*See* rec. doc. 7-4, pg. 29]. The undersigned has given petitioner the benefit of this earlier date.

[5]*See* La.C.C.Cr.P. art. 930; 930.4 (D) and La. S.Ct. Rule X, § 5 (a).

[6]Further, the Third Circuit did not rule on the merits of several of petitioner's ineffective assistance claims because petitioner failed to comply with the court's rules. Thus, it also appears that those ineffective assistance of counsel claims are traditionally procedurally defaulted as well. The last reasoned decision on these claims clearly and expressly relied on state procedural rules as the basis for its Judgment. *See Harris* and *Sones, infra.* and the discussion below in connection with petitioner's third claim for relief herein.

Similarly, the record reveals that petitioner's excessive sentencing claim (claim three herein) is traditionally procedurally defaulted. The procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

In this action, the petitioner claims that his twenty-five year sentence for manslaughter was excessive. The last reasoned state court decision on this claim was issued by the Louisiana Third Circuit Court of Appeal. That court expressly relied on a state procedural rule in declining to reach the merits of petitioner's excessive and other sentencing claims. The court cited *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, *reconsideration denied*, 667 So.2d 1043 (La.1996) as the basis for its decision. In *Melinie*, the Louisiana Supreme Court held that a prisoner may not raise claims of excessiveness or other sentencing errors in an application for post conviction relief because that is not one of the exclusive grounds for relief enumerated under Article 930.3.[7] Rather, such claims must be brought in direct appeal.

---

[7] LSA C.Cr.P. art 930.3 provides:
"If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds: (1) The conviction was obtained in violation of the constitution of the United States or the state of Louisiana; (2) The court exceeded its jurisdiction; (3) The conviction or sentence subjected him to double jeopardy; (4) The limitations of the institution of prosecution had expired; (5) The statute creating the offense for which he was convicted and sentenced is unconstitutional; or (6) The conviction or sentence constitute the ex post facto application of law in violation of the constitution of the United States or the state of Louisiana."

In *Melinie*, the Louisiana Supreme Court cited *State v. Gibbs*, 620 So. 2d 296 (La. App. 3d Cir. 1993), wherein the court succinctly differentiated between matters that may be brought in an application for post conviction relief and those that may not:

> The legislature has set forth limited grounds for granting post-conviction relief: Review of a sentence for excessiveness is not provided for by La. C. Cr. P. Art. 930.3. Although an excessive sentence may be a violation of the Eighth Amendment of the Constitution of the United States, subsection (1) of art. 930.3 specifically limits review in those instances where "the conviction was obtained in violation of the constitution. . ." The legislature has provided a means for review of sentences, whether excessive or illegal, by appeal. See La. C. Cr. P. Art. 881.1 through Art. 912.

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. In such circumstances, the federal courts may look beyond the procedural default only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002).

Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998) citing *Amos v. Scott*, 61

F.3d 333, 338 (5th Cir.1995), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos,* 61 F.3d at 338.

The procedural rule identified in this case satisfies both requirements. Review of Louisiana jurisprudence establishes that Louisiana courts regularly invoke the *Melinie* decision to bar review of excessive sentence claims raised in post-conviction proceedings. *See State ex rel State v. Brazeley,* 2006 WL 1097828 (La. 3/24/06); *State ex rel State v. Williams,* 2006 WL 1097841 (La. 3/24/06); *State ex rel State v. Pierce,* 2006 WL 1049975 (La. 3/17/06); *State ex rel State v. Pollock,* 924 So.2d 177 (La. 2/10/06); *State ex rel State v. Cowart,* 924 So.2d 159 (La. 2/10/06). Moreover, the Fifth Circuit, this court and the District Court for the Eastern District of Louisiana have indicated that *Melinie* is an adequate and independent bar to federal *habeas* review of sentencing claims. *Hull v. Stalder,* 234 F.3d 706 (5th Cir. 2000) (unpublished); *Rhymes v. Warden,* 2005 WL 2123691 (W.D.La. 2005); *Green v. State,* 1998 WL 259970 (E.D. La.), *Scott v. Cain,* 1998 WL 273116 (E.D. La.). Hence, the undersigned finds that the *Melinie* rule constitutes an "adequate" procedural rule to bar federal *habeas corpus* review of petitioner's claim. Moreover, because the last reasoned judgment on the claim, that of the Third Circuit Court of Appeals, specifically referred to the *Melinie* decision when it declined review of the merits of petitioner's excessive and other sentencing claims, the

undersigned finds that the identified procedural rule is also "independent." [8]

Because all three of petitioner's claims are procedurally defaulted, this court may therefore refuse to review petitioner's claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine by showing cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review. *See Finley*, 243 F.3d at 220-221; *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

### *Cause and prejudice*

The Supreme Court has defined what constitutes cause such as to allow review by this court where a claim has been procedurally defaulted. In *Murray v. Carrier*, the Supreme Court explained that cause requires an impediment external to the defense:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably

---

[8] The Louisiana Supreme Court did not articulate reasons for its denial of writs. However, where there has been a reasoned state court judgment which explicitly rejects the federal claim on state procedural grounds, subsequent unexplained judgments upholding the previous judgment or rejecting the claim are presumed to rely upon the same ground. In other words, when the last reasoned decision on the claim explicitly relied upon a state procedural default, federal courts must presume that later decisions rejecting the claim "did not silently disregard that bar and consider the merits." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard.

*Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted). If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Petitioner was placed on notice that the procedural default doctrine may be applicable to the instant claims and was given an opportunity to present valid reasons why his claims are not subject to the procedural default doctrine, and more specifically, an opportunity to demonstrate both "cause" for his default and "prejudice". [rec. doc. 8]. In his reply to this court's order, petitioner argues that the state appellate court erroneously found his claims barred by virtue of his guilty plea, that the waiver rule is not strictly or regularly followed by the state courts and that because ineffective assistance of counsel is a federal claim, it is not subject to the procedural default doctrine. [rec. doc. 7-1, pg. 3-4]. These arguments are unavailing.

The default in this case is not that petitioner waived his ineffective assistance claims by entering a guilty plea, but rather that petitioner failed to timely and properly present his claims to the Louisiana Supreme Court. Moreover, the nature or seriousness of an alleged error does not change the rules governing procedural default. To the contrary, "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Thus,

the court finds that petitioner has failed to demonstrate cause for his defaults.

The court is not required to examine the prejudice prong if petitioner has failed to demonstrate cause. *Saahir,* 956 F.2d at 118. Accordingly, the undersigned will not undertake an examination of prejudice. Petitioner's procedural defaults cannot be excused.

## *Miscarriage of Justice*

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2649; 91 L.Ed.2d 397 (1986); *Glover,* 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson,* 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson,* 89 F.3d 210, 213 (5th Cir.), *cert. denied,* 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v. Zant,* 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crime of which he was convicted, and thus he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claim. Accordingly, petitioner cannot avoid procedural default on grounds

of actual innocence.

For the foregoing reasons, all three of petitioner's claims are subject to dismissal with prejudice because the claims are barred by the doctrine of procedural default.[9] Accordingly;

**IT IS RECOMMENDED** that the instant federal *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b) (1) (C) and Rule 72 (b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6 (b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

---

[9] The undersigned additionally notes that petitioner's excessive sentencing claim is arguably not properly reviewed by this court because petitioner did not raise or exhaust a federal claim in the Louisiana state courts. Review of petitioner's filings in the Louisiana state courts reveals that petitioner did not raise his excessive sentence claim under the Eighth Amendment to the United States Constitution. Rather, petitioner expressly raised his claim solely under state law, namely, Article I, § 20 of the Louisiana Constitution of 1974 and L.C.Cr.P. article 894.1. However, federal *habeas corpus* relief is available only for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). It is not the province of a federal *habeas* court to determine if the state courts properly applied state law. *Estelle*, 502 U.S. at 68, 112 S.Ct. at 480; *Narvaiz*, 134 F.3d at 695. Rather, "[f]ederal *habeas corpus* review is limited to errors of constitutional dimension ...." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). Thus, petitioner's failure to raise and exhaust a federal claim in the Louisiana state courts provides an additional reason for dismissal of petitioner's claim that his sentence was excessive.

grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, December 18, 2006.

_____
C. MICHAEL HILL
MAGISTRATE JUDGE

COPY SENT:
DATE: 12-19-06
BY: gbt
TO: TLM
   CMH

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

NO: KH 04-00662

STATE OF LOUISIANA
VERSUS
MORRIS VALLIER

FILED: 05/18/04

On application of Morris Vallier for Writ of Review in No. 60,628 on the docket of the Fifteenth Judicial District Court, Parish of Acadia, Hon. Glennon P. Everett.

| | |
|---|---|
| Morris Vallier | Counsel for:<br>Morris Vallier |
| Michael Harson | Counsel for:<br>State of Louisiana |

Lake Charles, Louisiana, on July 2, 2004.

**WRIT DENIED:** Relator fails to prove he is entitled to relief. See *State v. Readoux*, 614 So.2d 175 (La.App. 3 Cir. 1993). Accordingly, Relator's writ application is denied.

_____          _____          _____
    BCW                     MGS.                    JBS*

_____
*Honorable John B. Scofield, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

# Court Exhibit 1

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

NO: KH 04-01596

STATE OF LOUISIANA
VERSUS
MORRIS VALLIER

FILED: 12/08/04

On application of Morris Vallier for Writ of Review in No. 60628 on the docket of the Fifteenth Judicial District Court, Parish of Acadia, Hon. Glennon P. Everett.

|  |  |
|---|---|
| Pro se | Counsel for: Morris Vallier |
| Michael Harson | Counsel for: State of Louisiana |

Lake Charles, Louisiana, on January 26, 2005.

**WRIT DENIED**: Relator's claims involve sentencing errors which are precluded from review on post-conviction. *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172. Accordingly, Relator's writ application is denied.

_____  _____  _____
SRC              GBG              BHE

# Court Exhibit 2